**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**AARON PAUL MCLENDON**                                               **PLAINTIFF**

**VERSUS**                                  **CIVIL ACTION NO. 2:23-cv-00013-TBM-RPM**

**DON HOPKINS, et al.**                                              **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION**</u>

On January 23, 2023, *pro se* Plaintiff Aaron Paul Mclendon filed this civil action under 42 U.S.C. § 1983, alleging that he was illegally arrested and detained by Defendants Don Hopkins and Jerome Jackson. [1] at 1, 4. Plaintiff was granted leave to proceed *in forma pauperis*. [8]. On August 28, 2023, Defendants filed a Motion [20] for Judgment on the Pleadings, arguing that this civil action must be dismissed with prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994). [20]; [21]. Plaintiff has not responded. For the following reasons, the undersigned recommends that the Motion [20] for Judgment on the Pleadings be granted. Plaintiff's claims against both Defendants should be dismissed with prejudice to their being asserted again until the *Heck* conditions are met, and this case should be closed. *See Johnson v. McElveen*, 101 F.3d 423, 434 (5th Cir. 1996).

**I. BACKGROUND**

Plaintiff avers that he was arrested by Hopkins and Jackson and charged with first-degree murder and "felony possession of a weapon" on April 28, 2019. [11] at 1. Plaintiff insists that both Defendants "illegally arrested and charged [him] with [these] crime[s]." [1] at 4. Specifically, Plaintiff says that Hopkins and Jackson "manufactured evidence against [him]," including the coercion of witness statements, to secure a fraudulent indictment. *Id*.; *see also* [11] at 1. Because of their alleged misconduct, Plaintiff claims that he was "wrongfully detained" for almost four years at the Wayne County Adult Detention Center in Waynesboro, Mississippi. [11] at 1. For

relief, Plaintiff seeks immediate release and monetary compensation of $1,000,000.00 from each Defendant. [1] at 4; [11] at 1.

On April 20, 2023, Plaintiff advised the Court that he had not been convicted on either pending charge at that time. [9] at 1; [11] at 1. The Court then issued Notices of Lawsuit and Requests to Waive Service of Summons to each Defendant. [15] [16]. Both Defendants waived service of process and answered Plaintiff's Complaint. [17] [18].

Defendants then moved for judgment on the pleadings. [20]; [21]. Two exhibits are included—an Indictment and an Order Accepting Guilty Plea and Imposing Sentence. [21] at 2-4. On January 14, 2020, Plaintiff was indicted by a Wayne County Grand Jury on two Counts: (1) first-degree murder under Mississippi Code § 97-3-19(1)(a) and (2) possession of a weapon by a convicted felon under Mississippi Code § 97-37-5. *Id*. at 2. On June 21, 2023, Plaintiff appeared before the Wayne County Circuit Court in the same cause and pled guilty to manslaughter under Mississippi Code § 97-3-25 in Count 1 of the indictment. *Id*. at 4. Count 2 was *nolle prossed*. *Id*. At that time, Plaintiff was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections ("MDOC"), plus the payment of restitution, fines, and court costs. *Id*. According to MDOC, Plaintiff is now housed at Jefferson/Franklin County Correctional Facility in Fayette, Mississippi. *See* Inmate Details, Aaron Mclendon, *available at* https://www.ms.gov/mdoc/inmate/Search/GetDetails/L5236 (last accessed Oct. 31, 2023).

## II. STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "A motion brought pursuant to [Rule 12(c)] is designed to dispose of cases where the material facts are not in dispute and a judgment on the

merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).

"The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (quotations and alterations omitted). Thus, dismissal under Rule 12(c) is appropriate "when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Id*. The Court should dismiss a claim under Rule 12(c) where "the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id*.

Defendants have offered evidence outside the pleadings to support their Motion [20]—*i.e.*, Plaintiff's indictment and sentencing order. [21] at 2-4. Under Federal Rule of Civil Procedure 12(d): "If, on a motion under Rule . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." But the Court may consider "publicly available documents" when evaluating a Rule 12(c) motion "without converting [it] into one for summary judgment." *Ridgdell v. Allstate Ins. Co.*, No. 1:18-cv-00373-HSO-JCG, 2019 WL 4739689, at *3 (S.D. Miss. Sept. 27, 2019) (citing *Van Duzer v. U.S. Bank Nat'l Ass'n*, 582 F. App'x 279, 283-84 (5th Cir. 2014); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)). "Although the indictment [and] guilty plea . . . were not part of the

pleadings, the Court [may take] judicial notice of them in deciding this motion." *See Coleman v. Marion Cnty.*, No. 2:14-cv-00185-DPJ-FKB, 2015 WL 5098524, at *1 n.1 (S.D. Miss. Aug. 31, 2015).

### III. DISCUSSION

A § 1983 claim that challenges the fact or duration of a state conviction or sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis omitted). In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. "This requirement or limitation has become known as the favorable termination rule." *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quotation omitted). This rule "was formulated in deference to the principle that 'civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Walter v. Horseshoe Entm't*, 483 F. App'x 884, 887 (5th Cir. 2012) (citing *Heck*, 512 U.S. at 486).

Plaintiff claims that he was illegally arrested, fraudulently indicted, and "wrongfully detained" based on evidence that Defendants "manufactured." [1] at 4; [11] at 1. Success on these claims necessarily implicates the validity of his later conviction and sentence. As to his false-arrest claim, Plaintiff "entered a guilty plea to felony charges arising from the arrest that is the subject of [his] lawsuit." *See Lindsey v. City of Gulfport*, No. 1:19-cv-00307-LG-RPM, 2021 WL 1996068, at *1 (S.D. Miss. Apr. 29, 2021), *report and recommendation adopted by* 2021 WL 1989926, at

4

*1 (S.D. Miss. May 18, 2021); *Winters v. City of Gulfport*, No. 1:14-cv-00222-HSO-RHW, 2014 WL 6476264, at *3 (S.D. Miss. Nov. 19, 2014) (finding false-arrest claim *Heck* barred where the plaintiff "pled guilty to the charges emanating from the . . . arrest"). "To the extent [the plaintiff] is claiming that the indictment was returned based on false information, success on such a claim would necessarily invalidate his state conviction." *See Newsome v. Miss.*, No. 1:18-cv-00178-HSO-RHW, 2018 WL 3876585, at *4 (S.D. Miss. Aug. 15, 2018). And any finding that Plaintiff was falsely imprisoned would impugn the validity of his guilty plea and conviction too. *See Underwood v. Dempsey*, No. 2:17-cv-00168-KS-MTP, 2019 WL 4072401, at *2 (S.D. Miss. June 6, 2019) (finding a false-imprisonment claim was *Heck*-barred when the plaintiff pled guilty to the crime for which he was imprisoned), *report and recommendation adopted by* 2019 WL 4060346, at *1 (S.D. Miss. Aug. 28, 2019).

*Heck* thus bars Plaintiff's claims unless certain conditions are met. That is, Plaintiff must demonstrate that his conviction or sentence has been reversed on direct appeal, expunged, or otherwise declared invalid. *See Heck*, 512 U.S. at 486-87. And Plaintiff has not shown that any of those qualifying events have occurred. *Heck* thus bars Plaintiff's § 1983 claims against both Defendants, and these claims should be dismissed with prejudice to their being asserted again until the *Heck* conditions are met. *See Johnson*, 101 F.3d at 434.

## IV. RECOMMENDATION

Having thoroughly reviewed and liberally construed the pleadings, along with the Motion [20] and Supporting Memorandum [21] presently pending, the undersigned recommends that the Motion [20] for Judgment on the Pleadings be granted; that Plaintiff's claims against both Defendants be dismissed with prejudice to their being asserted again until the *Heck* conditions are

met; and that this case be closed.

## V. NOTICE OF RIGHT TO APPEAL/OBJECT

Within fourteen days of being served with a copy of this Report and Recommendation, any party may serve and file written objections with the Clerk of Court. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. Within seven days of service of the objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objections. L.U.Civ. R. 72(a)(3).

The District Judge shall make a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *See Wallace v. Miss.*, 43 F.4th 482, 494-95 (5th Cir. 2022) (collecting cases).

**SIGNED,** this 2nd day of November, 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE